**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000493
27-JUN-2022
07:49 AM
Dkt. 37 SO**

NO. CAAP-20-0000493


IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI


EDWARD EARL MARTINEZ, JR., on behalf of minor
RM born 2005, Petitioner-Appellee,
v.
SETH MULLER, Respondent-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CIVIL NO. 3DSS-20-0000313)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)


Respondent-Appellant Seth Muller (**Muller**) appeals from the July 8, 2020 Order Granting Petition for Injunction Against Harassment, filed by the District Court of the Third Circuit, Kona Division (**District Court**).[1]

On appeal, Muller contends the District Court erred by granting the Petition for Injunction Against Harassment because there was not clear and convincing evidence he committed "Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault," that constitutes harassment under Hawaii Revised Statutes (**HRS**) § 604-10.5.[2]

---

[1]     The Honorable Joseph P. Florendo, Jr. presided.

[2]     HRS § 604-10.5 (2016), entitled "Power to enjoin and temporarily restrain harassment," states in part:

(continued...)

Upon careful review of the record and the brief[3] submitted and having given due consideration to the arguments advanced and the issues raised, we resolve Muller's point of error as follows, and affirm.

"Whether there was substantial evidence to support an injunction" under HRS § 604-10.5 "is reviewed under the clearly erroneous standard." Duarte v. Young, 134 Hawaiʻi 459, 462, 342 P.3d 878, 881 (App. 2014) (internal quotation marks omitted). A clear and convincing standard of proof applies to establish "harassment" warranting an injunction. HRS § 604-10.5(g).

---

[2](...continued)
　　　　(a)　For the purposes of this section:

　　　　　　"Course of conduct" means a pattern of conduct composed of a series of acts over any period of time evidencing a continuity of purpose.

　　　　　　"Harassment" means:

　　　　　　(1)　Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault; or

　　　　　　(2)　An intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual and serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress.

　　　　(b)　The district courts shall have the power to enjoin, prohibit, or temporarily restrain harassment.

　　　　. . . .

　　　　(g) . . . .　If the court finds by clear and convincing evidence that harassment as defined in paragraph (1) of that definition exists, it may enjoin for no more than three years further harassment of the petitioner, or that harassment as defined in paragraph (2) of that definition exists, it shall enjoin for no more than three years further harassment of the petitioner, including, in the case where any party is enjoined from harassing a minor, for a period extending to a date after the minor has reached eighteen years of age; provided that this subsection shall not prohibit the court from issuing other injunctions against the named parties even if the time to which the injunction applies exceeds a total of three years.

[3]　Petitioner-Appellee Edward Earl Martinez, Jr. on Behalf of Minor RM Born 2006 (**Martinez**), did not file an Answering Brief.

> When reviewing a finding that a fact has been proved by clear and convincing evidence, the question before the appellate court is whether the record as a whole contains substantial evidence from which a reasonable factfinder could have found it highly probable that the fact was true. In conducting its review, the court must view the record in the light most favorable to the prevailing party below and give appropriate deference to how the trier of fact may have evaluated the credibility of witnesses, resolved conflicts in the evidence, and drawn reasonable inferences from the evidence.

Matter of JK, 149 Hawaiʻi 400, 409-10, 491 P.3d 1179, 1188-89 (App. 2021) (quoting Conservatorship of O.B., 470 P.3d 41, 55 (Cal. 2020)) (bolding and italics omitted).

Here, Muller testified that on April 16, 2020, while having an argument with RM, the 14-year-old son of Muller's girlfriend for whom Muller was providing homework assistance, Muller gave RM a "bear hug" and moved RM about one or two feet from where RM was going, back to a kitchen table. It was clear to Muller that RM wanted to leave, and Muller was trying to redirect him. Muller admitted holding RM against his will to redirect him. RM testified that as RM attempted to go to his room, Muller grabbed his hand, and it was "sore" when RM was grabbed by the arm.

"In general, it is for the trial judge as fact-finder to assess the credibility of witnesses and to resolve all questions of fact; the judge may accept or reject any witness's testimony in whole or in part." Duarte, 134 Hawaiʻi at 464, 342 P.3d at 883 (internal quotation marks, brackets, and citation omitted). The District Court found that Muller's conduct of grabbing RM to place RM in a bear hug during the course of an argument about RM's homework performance "caus[ed] pain to R.M.'s arm," and established harassment by "physical harm or bodily injury" under its definition in HRS § 604-10.5(a).[4] RM's

---

[4] The District Court ruled as follows:

> But I do find this, based upon the facts, that harassment as defined in Subsection 604-10.5 A-1 [sic], specifically physical harm or bodily injury. And that is that in response to a disagreement regarding the performance -- the method of performance of homework by the minor, R.M.,

(continued...)

testimony that it was "sore" when Muller grabbed RM constitutes substantial evidence from which the District Court could find that it was "highly probable" that the fact that RM felt pain was true. JK, 149 Hawaiʻi at 409, 491 P.3d at 1188. The District Court, as the factfinder, evaluated the credibility of Muller and RM, resolved the questions of fact, and drew reasonable inferences from the evidence to support its conclusion that the standard to issue the injunction had been met. See id. at 410, 491 P.3d at 1189; Duarte, 134 Hawaiʻi at 462, 342 P.3d at 881. Viewed in the light most favorable to Martinez, the prevailing party, there was substantial evidence to support the District Court's issuance of an injunction against harassment by Muller for grabbing or performing a "bear hug" on RM, which constituted physical harm or bodily injury under the definition of "harassment" in HRS § 604-10.5(a). See JK, 149 Hawaiʻi at 409-10, 491 P.3d at 1188-89.

Relying on Duarte, Muller claims there must be evidence that he intended to cause physical harm, bodily injury, or assault and that there was no clear and convincing evidence he intended to harm RM. In Duarte, this court considered, *inter alia*, whether in a dispute between neighbors, the respondent's act of yelling the insult "Fuck you, Hawaiian bitch" to the petitioner, constituted a "threat of imminent physical harm, bodily injury, or assault" under the paragraph (1) definition of "harassment" in HRS § 604-10.5(a). 134 Hawaiʻi at 462-64, 342 P.3d at 881-83. Noting that this definition of "harassment" did not define "threat of imminent physical harm, bodily injury, or assault," this court utilized the ordinary meaning of threat as "[a] communicated intent to inflict harm or loss on another[.]" Id. at 464, 342 P.3d at 883 (emphasis added). The definition of "threat" is inapplicable here, as this case involves a finding of physical harm or bodily injury, instead of a threat.

---

[4](...continued)
the respondent grabbed him in a bear hug after pulling him back and causing pain to R.M.'s arm.

Based on <u>Duarte</u>, Muller also urges an application of an objective reasonable person standard to determine "harassment" under HRS § 604-10.5(a) involving physical harm, bodily injury, or assault. The plain language of HRS § 604-10.5 requires the trial court to find "harassment" by clear and convincing evidence -- not an objective standard. HRS § 604-10.5(g). The "objective test" from <u>Duarte</u> only applies to determine whether a threat was communicated.[5] 134 Hawaiʻi at 464-65, 342 P.3d at 883-84. This case did not involve a threat.

Muller also cites the lack of obvious or lingering physical injury such as swelling, bruising, lumps, cuts or lacerations, redness or marks, and a complaint of pain either at the time of the incident or thereafter, and notes that RM was merely "sore," which the District Court equated with pain. "Harassment" means "[p]hysical harm, <u>bodily injury</u> . . . ." HRS § 604-10.5(a) (emphasis added). A witness's testimony of feeling "sore" after being grabbed is sufficient to establish physical pain, and thus, the element of "bodily injury" in harassment. <u>Cf.</u> <u>In the Interest of Doe</u>, 79 Hawaiʻi 265, 279, 900 P.2d 1332, 1346 (App. 1995) (holding in a juvenile proceeding that a witness's testimony of feeling "'sore' after being struck by the Appellant was sufficient to establish 'physical pain' and thus, the element of 'bodily injury' in a charge of assault."). We conclude that the District Court did not err by finding that RM's

---

[5]     Because the word "threat" was not defined in HRS § 604-10.5, this court looked at legislative history and extrinsic aids such as dictionaries to determine its meaning, to conclude that:

> Therefore, a "threat of imminent physical harm, bodily injury, or assault" means that an alleged harasser's conduct expressly or impliedly communicates an intent to physically harm, cause bodily injury, or assault another person imminently. This is an objective test. Under this objective standard, we are required to determine whether a reasonable person would believe the conduct of Young communicated an intent to physically harm, cause bodily injury, or assault Duarte imminently so as to meet the definition of harassment under paragraph (1).

<u>Duarte</u>, 135 Hawaiʻi at 464-65, 342 P.3d at 883-84 (internal citation and citation omitted).

testimony that he felt "sore" constituted pain.  See Doe, 79 Hawaiʻi at 279, 900 P.2d at 1346.

For the foregoing reasons, the July 8, 2020 Order Granting Petition for Injunction Against Harassment, filed by the District Court of the Third Circuit, Kona Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 27, 2022.

On the brief:

Daniel S. Peters,
for Respondent-Appellant.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge